'Bar, counsel for Sharp presented the following petition for a rehearing.

I v may be allowed, that the court does know the fact, ílvííhenotesofthebankof the commonwealth have never 7 ¡eon equal in value to their nominal amount in specie. .Cut it is respectfully suggested,that this knowledge of the court is not mailer of law, ’out of fact, and that ¿lie parües had t^e right, by the law, to the trial of the fuel.; of tlielr case:-', by testimony given in court, according to the rules of evidence; and that, having had such atrial,upon all thecvidonce o^vrmi, by either parly, this court, in reversing the judgment, is confined by tire law of its jurisdiction, to the facts in the record, and the law arising upon them.
When jurors try issues of fact, they must decide on the testimony publicly offered, and given by the parties, in the presence of each other, and when one of the jurors is cognizant of a fact, entitled to influence on the trial, he ought to disclose it before the court, and bé sworn and testify publicly to his fellow jurors, as other witnesses, in order, that he may he cross-examined, and his mistakes corrected, or his statements contradicted, as in case of other witnesses. And if said juror fail in the matter and make his statement, only in the jury room; and there influence the jury, the verdict ought to beset aside.
In this case, ilic circuit judge tried the facts on the testimony before him, offered by the parties. If he had known any other fact, competent on the trial, he ought to have disclosed it, and given the testimony, as in case *82 of a juror. He made no such disclosure, but decided on the testimony presented by the litigant. Nor can the court determine, as a matter of law or fact, that the circuit judge did know the farther fact, that the bank notes had ever been of depreciated value, and that he erred in not disclosing it on the trial. This court must know its own knowledge, but it cannot be taken, that it better knows the knowledge of the circuit judge, than that judge himself; and the record does not show, he had any knowledge of the depreciation of the paper, and it cannot be presumed, he erred, when the record shows nothing of it.
As a matter of law, this court can know nothing of the subject, for it is a matter of fact, not of law. if it were a matter of law, this court could not order a new trial to ascertain it; nothing could be done, but pronounce the judgment, the conclusion of law, on the facts in the record.
It cannot be doubted, that the depreciation of the bank paper is matter of fact; the court so treat-it.
Now is it not an inflexible rule, thatthis court cannot, in any such case as this, go out of the record, and reverse thedecision below, on facts not apparentin theproof,the parties had submitted the cause upon, and for such cause award a new trial?
There is a class of facts of universal knowledge, of which, it is not necessary to introduce evidence. It is ■not necessary to prove the objects of the general geography of the country, or the revolution of the seasons. But it is a rule universally acted upon, that such facts are noticed by the judicial tribunals, and are given the same effect, as if fully proved-on the trial, and apparent in the record, with all the certainty and precision, with which they could possibly be established.
But there is no case, where this court has proceeded on the ground of some general and indefinite knowledge of a fact in its possession, but, which was insufficient to found a definitive judgment upon; and for this cause only, ordered a new trial, to give the plaintiff in error, an opportunity to prove such fact, with precision, by testimony, which he had, on the former trial, made no offer to give. And this rule seems to be founded on one of the plainest principles of practice.
*83 When a party would avail himself of a fact, he must produce sufficient evidence to establish it, with such precision as to enable the tribunal to make it the of a certain judgment; and if he omit to do so, he must abide the consequences, and cannot demand a new trial in this court, on the single ground of his own neglect.
The court has here taken judicial notice of the de" preciation of the bank notes; but have determined, that that knowledge is not such as will enable them to give a certain judgment between these parties.
Suppose, on the return of the cause, the parties should present the same evidence, they before offered, and no more, the circuit judge would certainly be compelled to pronounce the same judgment; because, he will be no better able to ascertain the depreciation of the paper, at the time and place the executions were returnable, than this court isnow; and the opinion disclaims any precise knowledge of the matter. And suppose he should give the same judgment, and the cause should be returned here, with a bill of exceptions in the same words, would there not be as much error in the record as there is now. It would not do to answer, that the court would not look over the second neglect of the party. If no excuse is required for the first, there can be none demanded for any subsequent default. It would then follow, that unless we proved the exact depreciation, by testimony on our part,we mightbekepttravellingbackwards and forwards, forever.
One of two things must follow, the course given to the cause, is not right, or the burthen of the proof of the value of the paper is on the plaintiff in the motion; and if this is the law, then we ought to have recovered but nominal damages, in the circuit court, with the ten per cent on that, and such ought to be now the judgment and mandate of this court.
But I did not intend to have made an argument in this petition. 1 had heretofore said all I could say on the other side of this question, and been overruled, and therefore intended to have only said, I had become satisfied with the former decision against me, and to have only cited the cases, in which the precedent had been confirmed. I will now do this, and leave the cause with the court.
*84 This question bap been decided in a great number of cases. In the case of Feemster vs. Ringo, the action was covenant on ;n obiigrtioii for ivi note.. on the; bank of the commonv/cai tb, dated in Api ii91 t'dii, and due in ilie succeeding June-, and Üie jury, on a writ of inquiry, ordered upon a judgment by default, assessed (;!9i-L in damages, and final judgment was rendered for this sum, in lawful money. To reverse this judgment, Feemster, who had not been beard in the court below, prosecuted a writ of error.
And the court say, “In assessing damages, the jury should have been governed by the value of ilie paper of the bank, when, by the contract, it became payable, and interest; and from ilie amount of the damages as-, sessed, it is possible the jury may not have been guided by this fact. But, we are not at liberty to take judicial notice of the value of the paper of the bank, at any particular time, and could not therefore disturb the finding of the jury, on the ground of their not having been governed by the value of Ilie paper, if the question hadbeon made by the assignment of error; because, the record contains nothing to show what the value of the paper was, at the time the writing sued, became payable See V Monroe, 337-8.
The same point is cited in the case of Owens vs. Hol-liday, VII Monroe, 297; where the court uses these emphatic words:
“The damages, it is true, are greater than the nominal amount of the note sued on, and as men, we may know that the paper of the bank was never equal in value to gold and silver. But there appears to have been an objection to the assessment of damages made by the jury, in the circuit court, and after being acquiesced in then, by the parties, it is not for us, cx-ojjido, to take notice of the value of bank paper, and overturn the verdict and judgment, because the jury has placed too high a value on the paper.”
In the present case, there are no grounds of objection below, to the amount of the judgment; not a word of it, though a motion was made for a new trial on other grounds.
The above are all the cases in which the court wrote opt opinions at length, on the question,
MONROE, for defendant.
The fet care war, supposed to softie the law, and it is supposed to be unnecessary to writ;; more upon it. )iui it often occurred, and was uniformly decided on tbe panic principle, by án endorsement on the record, to this died. ’
c 'seenu to (bo. court, that there iras no evidence show in", that the hank paper was less than its nominal amount in t-alue, and there was no error in giving judgment for the amount of the demand. Judgment affirmed, with costs and damages.”
This is a literal copy of the judgment in Bell and Waggoner's case; where Bell, as county collector, liad collected the depreciated hank paper, in the year and iras thus subjected to the payment of specie. The petition for the rehearing in this case presents the facts fully; see VII Monroe.
There have been many other cases, which will be cited. In Bell and Waggoner’s case, they need not be set down. Three decisions, by the unanimous concurrence of the court, after argument and petitions for re? hearing, must settle the law, if it can be settled.
In the opinion now contended against, the court has taken one solitary case, as settling the law, without concurring in tbe argument. Here are numerous cases.
If there be error, in giving tbe running interest, let that be corrected. No new trial is necessary for that purpose, as all the precedents of errors and appeals from the judgments in cases of motions, will show.
But the statute is, the constable shall be liable for the amount of the demand; the interest here is a part of that demand.
The executions are for the debts, bearing interest, and so ought to be the judgment against the constable. The plaintiff would not recover his entire demand; so it seems to me.
But I think this question is decided in Littell’s Reports. The citation will be found in tbe answer I gave to the suggestion of the counsel for the plaintiff.
Itesponsoto petition.

The Chief Justice

delivered the following opinion of the court, overruling the petition.
Ip we know any thing pertaining to the bistory of Kentucky, we do know something about the bank of 1hc commons ealtli. It bas made a figure in the legislation and commerce, and adjudications of Kentucky, of which, no man, nor judge, who knows any thing of the state, or of her history, during the lastnine years, can be ignorant. What every body hums, the judiciary should know,unless judges know less than any other persons.
If we know any thing about commonwealth’s paper, ■ we must know, that, like the “continental paper,” it was never equivalent to its denomination in specie. This we do know; and if the circuit judge did not know it, we will reverse his judgment, because he did not know, what he should have known, as certainly as he should know the law itself, or that Frankfort is the capital of this state. What is judicially known, needs no proof.
Our predecessors have not said, that thejr could not, as judges, know that commonwealth’s notes have Ivcn depreciated. They have said only, that they did l.oi know their value, at any particular time or place. If they meant any thing else, they have not told us s..
In the cases tiled in the petition, it does not appear, that the judgments were for as much as the nominal amounts of the notes, and legal interest thereon. And therefore, the court could not know, that they were too high. But in these cases, the judgments are for as much as the nominal amounts of the executions, and six per cent, thereon.
The law fixes the criterion. When that is transcended by a jury, the judge should, ea'.-officio, set aside the verdict; and for the same reason, we reversed the judgments.
If a judgment should be rendered for $>115, on a note for $,“100, in commonwealth’s paper, with four years interest due upon it, tills court could not judicially know, that the judgment was too high; because, it does not know the exact rate of exchange. But, if the judgment had been for $124, there could be no doubt, that it was for more than the specie value of the $100, and four *87 years interest. From this conclusion, there could be no escape. This we know, whatever others may know, or profess not to know.

Petition overruled.